```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/23/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN M. HENNESSY                          :
                                          :     ORDER REGARDING
            Plaintiff,                    :     SUBJECT MATTER JURISDICTION
                                          :
     -v-                                  :
                                          :     12 Civ. 0044 (AJN)
ELI S. JACOBS,                            :
                                          :
            Defendant                     :
                                          :
------------------------------------------------------------x

### ORDER FOR PLAINTIFF TO SUBMIT MOTION PAPERS REGARDING DEFENDANT'S CLAIM THAT THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THE PRESENT ACTION

This action was commenced by the filing of a Notice of Removal. The Court has reviewed that Notice of Removal to ascertain the basis for assertion of subject matter jurisdiction in this Court. The Notice of Removal asserts that the Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2). (Not. Of Rem. ¶ 5; Docket #1).

The Notice of Removal states that "Defendant Jacobs resides in the state of New York." (Not. Of Rem. ¶ 7; Docket #1). Yet 28 U.S.C. § 1441(b) states that actions such as the present are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

This restriction on removal in diversity actions brought by defendants who are a resident of the state where the action is originally brought is "not jurisdictional in the true sense" and may be waived by the Plaintiff in the event that there is no timely request for a remand. Barnett v. Turner Constr. Co., 2003 WL 329055, at *1 (S.D.N.Y. Feb. 13, 2003) (Cote, J.) (quoting

Woodward v. D.H. Overmyer Co., 428 F.2d 880, 882-83 (2d Cir. 1970)); see also Shapiro v. Logistec USA Inc., 412 F.3d 307, 313 (2d Cir. 2005) (same).

It is therefore **ORDERED** that Plaintiff is to submit by February 3, 2012 a letter motion stating Plaintiff's position on the Notice of Removal, specifically addressing whether Plaintiff consents to this action being removed to this Court or requests a remand to the Supreme Court of the State of New York and, if so, on what basis; and

IT IS FURTHER **ORDERED** that within one (1) week of Plaintiff's submission, Defendant is to submit a brief reply letter stating either its objection or acquiescence to Plaintiff's position.

SO ORDERED:

_____
ALISON J. NATHAN
United States District Judge

Dated: Jan 23, 2012
New York, New York