USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 28 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

John M. Hennessy,

                Plaintiff,

    -v-

Eli S. Jacobs,

                Defendant.

-----------------------------------------------------------------X

12 Civ. 00044 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Courts have an independent obligation to determine whether subject matter jurisdiction exists. *Arbaugh v. Y&H*, 546 U.S. 500, 501 (2006). The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. *See Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922, 929 (2d Cir. 1998). "[I]t is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist . . . ." *Herrick Co., Inc. v. SCS Commc'n, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001).

I.    <u>Background</u>

    The Defendant's notice of removal states that "this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441, as the parties are a citizen of a foreign state and a citizen of a state respectively." (Notice of Removal ¶5).

    In a letter to the Court dated February 24, 2012, Plaintiff averred that he is 1) a citizen of the United States and 2) a domiciliary of the Bahamas. (Def. Letter of 2/24/12). In a response dated February 27, 2012, Defendant maintained his claim that "this Court has jurisdiction under Title 28, Section 1332(a)(2) as defendant is a citizen of New York" and Plaintiff's domicile is in the Bahamas.

II.    <u>United States Citizen Domiciled Abroad</u>

    The Second Circuit has held that "United States citizens domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, so that § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties." *Herrick Co. Inc.*, 251 F.3d at 322 (quoting *Creswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990)) (internal quotation marks omitted); *see also Liem v. Ackerman*, 2012 WL 252120, at *1 (S.D.N.Y. Jan. 25, 2012).

Furthermore, although the Notice of Removal states that the Plaintiff "has a Bahamian passport," even if the Plaintiff were a dual citizen of both the Bahamas and the United States, diversity jurisdiction still would not lie. "In matters of diversity jurisdiction American citizenship will determine diversity." *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991). Thus, "only the American nationality of the dual citizen should be recognized under 28 U.S.C. § 1332(a)." *Id.* (quoting *Sadat v. Mertes*, 615 F.2d 1176 (7th Cir. 1980)). As a result, "diversity jurisdiction may be properly invoked only when a dual citizen's domicile, and thus his citizenship, is in a state diverse from that of adverse parties." *Fuerst v. Fuerst*, --- F. Supp. 2d ---, 2011 WL 6136234, at *5 (E.D.N.Y. Dec. 9, 2011) (quoting *Coury v. Prot*, 85 F.3d 244, 247 (5th Cir. 1996)).

III. Conclusion

In light of these principles, Defendant is hereby ORDERED to show cause in writing on or before March 13, 2012, as to why this case should not be remanded to the Supreme Court of the State of New York because this Court lacks subject matter jurisdiction. The Plaintiff's response, if any, is due on or before March 20, 2012. Defendant's reply, if any, is due on or before March 23, 2012.

**It is FURTHER ORDERED that the conference with the Court scheduled for March 2, 2012, is adjourned until further notice.**

SO ORDERED.

Dated: February 28, 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge